The Honorable John C. Coughenour

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| MYRIAM ZAYAS,<br><br>                Plaintiff,<br><br>    v.<br><br>ANNETTE MESSITT, JEFFREY WHITNEY, AMBER WHITNEY, et al.<br><br>                Defendants. | NO. 2:20-cv-00747 JCC<br><br>REPLY IN SUPPORT OF DEFENDANTS JEFF WHITNEY, AMBER WHITNEY AND DAVID LA RAUS' MOTION TO DISMISS<br><br>NOTE FOR MOTION: February 26, 2021_____ |

    Defendants JEFFREY WHITNEY, AMBER WHITNEY and DAVID LA RAUS (collectively, "Defendants") respectfully move the Court to dismiss with prejudice Plaintiff Myriam Zayas' Twelfth Amended Complaint (Dkt # 35) against these Defendants on the grounds that Plaintiff has failed to state a claim upon which relief maybe granted. Plaintiff's "Reply on Response for Motion to Dismiss" (herein, "Response") (Dkt # 49) fails to rebut—or even address—the fatal deficiencies in her claims that Defendants raised in their Motion to Dismiss (Dkt # 46). Plaintiff fails to allege that these Defendants violated her constitutionally protected rights as is necessary to pursue a cognizable cause of action under 42 U.S.C. §§ 1983 and 1985. Moreover, Jeffrey and Amber Whitney ("The Whitneys") were not state actors in their capacity as temporary

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS No. 2:20-cv-00747 JCC

1

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA  98504-0126
(360) 586-6300

foster parents of plaintiff's daughter, ACZ. As non-state actors, they cannot be held liable under 42 U.S.C. §§ 1983 and 1985. Furthermore, David La Raus was the Assistant Attorney General who represented the Washington Department of Children, Youth and Families ("DCYF") in the 2020 dependency case of plaintiff's daughter. Mr. La Raus has absolute quasi-prosecutorial and quasi-judicial immunity for his challenged actions in this lawsuit. Lastly, Plaintiff's claims against AAG La Raus are in reality an impermissible attempt to appeal the state court's order of dependency to this Court.

## I.     ARGUMENT

### A.    Motion to Strike Plaintiff's Exhibits

Defendants request that the Court strike Plaintiff's exhibits attached to her Response. *See* Dkt # 49, pp. 4-102. These exhibits are outside the pleadings and may not be considered on a motion to dismiss.

Generally, in ruling on a 12(b)(6) motion to dismiss, a district court may not consider any material beyond the pleadings. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). It is inappropriate and insufficient to use extrinsic evidence to respond to a motion challenging the sufficiency of pleadings. *Holy Ghost Revival Ministries v. City of Marysville*, 98 F. Supp. 3d 1153, 1162 (W.D. Wash. 2015) ("It is neither appropriate nor sufficient for Plaintiffs to respond to a motion challenging the sufficiency of their pleadings by discussing the extrinsic evidence that supports their claims. Accordingly, the court STRIKES Plaintiffs' exhibits that were not attached to or incorporated by reference in the complaint[.]"). On a motion to dismiss, the court "may take judicial notice of matters of public record outside the pleadings." *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). To this end, a court may take judicial notice "of court

REPLY IN SUPPORT OF
DEFENDANTS' MOTION TO
DISMISS No. 2:20-cv-00747 JCC

2

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA  98504-0126
(360) 586-6300

filings and other matters of public record." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

Plaintiff's Response brief is apparently asking the Court to consider approximately one-hundred pages of exhibits without clear explanation of where the exhibits come from, whether they are public records, and whether the authenticity of said records may be readily verifiable. Plaintiff has not asked the Court to take judicial notice of these extrinsic records and Plaintiff has made no attempt to demonstrate that any of these records are the proper subject of judicial notice. Accordingly, Defendants request that the Court strike Plaintiff's improper exhibits filed as part of her Response in Docket # 49.

**B.    Plaintiff's Response Brief Fails to Respond to Defendants' Motion to Dismiss**

Even if the Court denies Defendants' motion to strike, Plaintiff's Response and exhibits offer nothing of relevance that would allow any of her claims against Defendants to survive dismissal for failure to state a claim upon which relief may be granted. The exhibits appear to extend as far back as 2008 and have no decipherable bearing on Plaintiff's allegations against Defendants in this instant litigation. With respect to Plaintiff's Response brief, Plaintiff alleges that Defendants Jeff and Amber Whitney, while serving as foster parents to ACZ, were taking ACZ to church and "playing house". *See* Plaintiff's Response, Dkt # 49, p. 2. Such allegations fail on their face to assert any violation of Plaintiff's constitutionally protected rights. Plaintiff's remaining arguments in her Response are legally conclusory statements that are untethered from any factual allegations. *See* Plaintiff's Response, Dkt # 49, pp. 3-4. Simply put, Plaintiff has failed to offer any coherent rebuttal arguments as to why any of her claims should survive Defendants' Motion to Dismiss.

REPLY IN SUPPORT OF
DEFENDANTS' MOTION TO
DISMISS No. 2:20-cv-00747 JCC

3

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA  98504-0126
(360) 586-6300

Plaintiff has failed to allege that The Whitneys or David La Raus violated any of plaintiff's Constitutional or federally protected rights, which is a necessary element of 42 U.S.C. §§ 1983 and 1985 claims. *See* Dkt # 46, Defendants' Motion to Dismiss, 7:8-9:7. The Whitneys are not state actors, which is also a fundamental requirement for bringing a cognizable Section 1983 and 1985 claim. *Id*. at 9:8-10:22. Moreover, Assistant Attorney General David La Raus is afforded absolute quasi-prosecutorial and quasi-judicial immunity for his alleged actions that Plaintiff is challenging in this lawsuit. *Id*. at 10:23-14:7. Lastly, Plaintiff's claims against David La Raus are in reality an impermissible attempt to appeal the state court's order of dependency to this Court. *Id*. at 14:8-16:13.

## II.   CONCLUSION

For the various reasons articulated in Defendants' Motion to Dismiss (which remain unaddressed in Plaintiff's Response brief), Defendants Jeffrey Whitney, Amber Whitney and David La Raus respectfully request that Plaintiff's Twelfth Amended Complaint (Dkt # 35) be dismissed with prejudice against these Defendants pursuant to Federal Rule of Civil Procedure 12(b)(6).

DATED this 26th day of February, 2021.

ROBERT W. FERGUSON
Attorney General

/s/ *Brendan M. Lenihan*
BRENDAN M. LENIHAN, WSB No. 56066
Assistant Attorney General
Attorney for Defendants Jeffrey Whitney, Amber Whitney and David La Raus
Brendan.Lenihan@atg.wa.gov

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS No. 2:20-cv-00747 JCC

4

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA  98504-0126
(360) 586-6300

## CERTIFICATE OF SERVICE

I hereby certify that on the February 26, 2021, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

<u>Electronic Service to:</u>
JULIE DEE COOK
Julie.Cook@kingcounty.gov
For Defendants Pauline Duke, Debbie Cowan, Annette Messitt and Ann Danieli

<u>Mailed to:</u>
MYRIAM ZAYAS
27369 129th Place SE
Kent, WA 98030

/s/ *Brendan M. Lenihan*
BRENDAN M. LENIHAN, WSB No. 56066
Assistant Attorney General

REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS No. 2:20-cv-00747 JCC

5

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300