The Honorable John C. Coughenour

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| MYRIAM ZAYAS,<br><br>Plaintiff,<br><br>v.<br><br>ANNETTE MESSITT et al.,<br><br>Defendants. | NO. 2:20-cv-00747 JCC<br><br>DEFENDANTS JEFF WHITNEY, AMBER WHITNEY AND DAVID LA RAUS' MOTION FOR SUMMARY JUDGMENT<br><br>NOTE FOR MOTION: August 27, 2021 |

Defendants JEFFREY WHITNEY, AMBER WHITNEY and DAVID LA RAUS (collectively, "Defendants"), by and through their counsel, Assistant Attorneys General Brendan Lenihan and Peter Kay, respectfully move the Court to dismiss with prejudice Plaintiff Myriam Zayas' Twelfth Amended Complaint (Dkt # 35) on the grounds that Plaintiff has failed to raise a genuine issue of material fact on any cause of action against these Defendants. Not only has Plaintiff failed to proffer even a scintilla of evidence in support of her claims, but she has also failed to allege any facts supporting a claim for violation of her constitutionally protected rights. For these reasons, the Court should grant Defendants' Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56 and dismiss with prejudice Plaintiff's claims against these Defendants.

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

## I. EVIDENCE RELIED UPON

This motion is based on the memorandum of points and authorities in support of the motion and on the declarations of Jeff Whitney, Amber Whitney, David La Raus, Janelle Serrao, Rachel Lighthill, Ronda Haun and Brendan Lenihan, as well as the deposition transcript of Plaintiff Myriam Zayas and the other documents cited herein.

## II. FACTS

The Department of Children, Youth and Families ("DCYF") is a Washington State agency tasked with addressing child protection and child welfare in Washington. DCYF operations include, among other things, the initiation of state court dependency actions to provide court-ordered foster care placement of minor children, and court-ordered rehabilitative services to parents alleged to have abused and/or neglected their children. Revised Code of Washington ("RCW") 13.34 governs state dependency matters concerning abused and/or neglected children.

On February 9, 2020, DCYF received an intake report from the University of Washington ("UW") Medical Center in Seattle stating that Plaintiff had given birth to a baby girl with the initials CZ and had made an adoption plan for the child. Declaration of Brendan Lenihan ("Lenihan Decl."), Exhibit ("Ex.") 1, March 16, 2020 Kelsey Owens' Amended Dependency Petition in King County Superior Court Juvenile Division, p. 3 ¶ 1.6.5. UW Medical Center also reported to DCYF that Plaintiff tested positive for methamphetamines. *Id*.

DCYF social worker Kelsey Owens interviewed Plaintiff as part of DCYF's investigation into the UW Medical Center's report of alleged child abuse/neglect as to the Plaintiff. *Id*. at p. 3 ¶ 1.6.6. Three days later, a hospital social worker called Ms. Owens and reported that Plaintiff was manic and receiving care at their hospital. *Id*. at p. 3 ¶ 1.6.7. The hospital social worker was concerned if Plaintiff refused to undergo a mental health assessment and then returned to caring for her other daughter, ACZ. *Id*.

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

On March 10, 2020, Ms. Owens received notice that Plaintiff had again tested positive for amphetamines and methamphetamines in a March 5, 2020 urinalysis test. *Id*. at p. 4 ¶ 1.6.10. As a result, on March 16, 2020, Ms. Owens filed an amended dependency petition with respect to ACZ in King County Superior Court Juvenile Division under cause number 20-7-00666-0 KNT. *Id*. The dependency petition stated, inter alia, that there were no available parents who could safely and appropriately parent ACZ; that Plaintiff had longstanding untreated drug addiction issues; and that Plaintiff had recently tested positive for methamphetamines. *Id*. at p. 7 ¶ 27. The dependency petition also stated that there were no services that DCYF could place into Plaintiff's home to remedy the safety threats to ACZ. *Id*. Ms. Owen's dependency petition stated that DCYF was requesting licensed foster care placement for ACZ until a relative or suitable other could be located and approved by DCYF. *Id*.

That same day (March 16, 2020), the King County Superior Court Juvenile Division found reasonable grounds to believe that if ACZ was not taken into protective custody the child's health, safety and welfare would be seriously endangered. Lenihan Decl., Ex. 2, March 16, 2020 Order to Take Child Into Custody and Place in Shelter Care, p. 1 ¶ 2.2. The King County Superior Court Juvenile Division thus ordered that ACZ be taken into protective custody and placed in an appropriate home or facility. *Id*. at p. 3 ¶ 3.1. ACZ was then removed from Plaintiff's care in response to the Court's order. Lenihan Decl., Ex. 3, March 17, 2020 Shelter Care Hearing Order, p. 1 ¶ 1.1.

DCYF subsequently placed ACZ in the temporary foster home of Defendants Jeff and Amber Whitney. Declaration of Ronda Haun ("Haun Decl."), ¶ 3; Decl. of Jeff Whitney ("Jeff Whitney Decl."), ¶ 2; Decl. of Amber Whitney ("Amber Whitney Decl."), ¶ 2. Plaintiff subsequently learned where the Whitneys lived and began to harass and threaten them. Jeff Whitney Decl., ¶¶ 3-5; Amber Whitney Decl., ¶¶ 3-4. The Whitneys ultimately obtained an anti-harassment

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

court order against Plaintiff Myriam Zayas due to her harassing and threatening behavior. Jeff Whitney Decl., ¶ 5; Amber Whitney Decl., ¶ 4.

Meanwhile, on July 6, 2020, the King County Superior Court Juvenile Division set an August 24, 2020 pre-trial hearing and Fact Finding/Trial date with regards to the allegations in the dependency petition filed by DCYF as to the Plaintiff's child, ACZ. Lenihan Decl., Ex. 4, July 6, 2020 Order Continuing Fact-Finding/Trial. On August 24, 2020, the King County Superior Court, Juvenile Division set a trial date for September 21, 2020. Lenihan Decl., Ex. 5, August 24, 2020 Pretrial Conference Order.

After hearing all the evidence, the King County Superior Court Juvenile Division found that ACZ was dependent in that the child "has no parent, guardian or custodian capable of adequately caring for the child, such that the child is in circumstances which constitute a danger of substantial damage to the child's psychological or physical development." Lenihan Decl., Ex. 6, October 8, 2020 Order of Dependency as to mother, Myriam Zayas, p. 7 ¶ 2.3.

In the instant lawsuit, Plaintiff is now suing the Whitneys in their capacity as temporary foster parents of her daughter ACZ. Plaintiff's single allegation is that the Whitneys illegally accepted adoption assistance money in their role as foster parents of her child. Twelfth Amended Complaint, Dkt # 35, p. 3 ¶ 3; Lenihan Decl., Ex. 11, Deposition of Myriam Zayas ("Zayas Dep.") 48:2-9. Plaintiff is not seeking any monetary damages or injunctive relief from the Whitneys. Lenihan Decl., Ex. 11, Zayas Dep., 49:24-51:21. Instead, Plaintiff believes this lawsuit serves the purpose of sending the Whitneys a message. *Id*.

Defendant David La Raus is an Assistant Attorney General who represented DCYF in the contested dependency evidentiary trial as to Plaintiff's child, ACZ. Dec. La Raus, ¶ 2. In the instant lawsuit, Plaintiff is suing David La Raus for alleged violations of her civil rights during his role as legal counsel for DCYF in the child dependency action of ACZ. Plaintiff is not seeking any monetary damages or injunctive relief other than her desire that Mr. La Raus be fired from

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

his job. Lenihan Decl., Ex. 11, Zayas Dep. 52:4-24. Plaintiff's claims against David La Raus, Jeff Whitney and Amber Whitney are without merit and fail as matter of law.

## III. ARUGMENT AND AUTHORITIES

### A. Standard for Granting Fed. R. Civ. P. 56 Motion for Summary Judgment

A party is entitled to summary judgment when the "pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine material issue of fact and that the moving party is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is material when it "is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit. The materiality of a fact is thus determined by the substantive law governing the claim or defense." *T.W. Elec. Serv., Inc., v. Pacific Elec. Contractors Ass'n,* 809 F.2d 626, 630 (9th Cir. 1987). Facts that are irrelevant or unnecessary will have no affect on a summary judgment decision. *Id.* "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). Summary judgment is designed to "dispose of the factually unsupported claims or defenses . . . ." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-24 (1986).

The moving party has the initial burden of showing which material facts lack a genuine issue; the nonmoving party must then identify specific facts where there exists a genuine issue of material fact. *T.W. Elec. Serv.,* 809 F.2d at 630. A nonmoving party "may not rely on the *mere allegations* in the pleadings in order to preclude summary judgment." *Id.* (emphasis added). Instead, they "must produce at least some *significant probative evidence* tending to support the complaint." *Id.* (emphasis added). Judges are required to "view the evidence [and inferences] in the light most favorable to the nonmoving party." *Id.* at 630. Summary judgment is proper ". . . against a party who fails to make a showing sufficient to establish the existence

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Lujan v. National Wildlife Federation,* 497 U.S. 871, 884 (1990).

**B. Plaintiff Fails To Allege Any Facts Supporting Her Allegation That The Whitneys Violated Her Constitutionally Protected Rights**

Plaintiff alleges that Jeff and Amber Whitney received adoption assistance funds for fostering her child ACZ. Twelfth Amended Complaint, Dkt # 35, p. 3 ¶ 3. Based on this single claim, Plaintiff alleges that Jeff and Amber Whitney violated her civil rights and brings causes of action against them pursuant to 42 U.S.C. §§ 1983 and 1985 (herein referred to as "Section 1983 and Section 1985 claims"). *See* Twelfth Amended Complaint, Dkt # 35, p. 1. This claim fails as a matter of law because even if this allegation was true, which it is not, it does not amount to a deprivation of Plaintiff's protected rights.

"To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Long v. Cty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). There can be no liability under Section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode,* 423 U.S. 362, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976); *May v. Enomoto,* 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. *Ivey v. Bd. of Regents,* 673 F.2d 266, 268 (9th Cir. 1982).

Meanwhile, Section 1985(3) is restricted to conspiracies for the purpose of depriving any person or class of persons of their right to equal protection of the laws and requires that a conspiracy be motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." *Griffin v. Breckenridge*, 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971). "[T]he absence of a section 1983 deprivation of rights precludes a section 1985

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

conspiracy claim predicated on the same allegations." *Caldeira v. County of Kauai*, 866 F.2d 1175, 1182 (9th Cir. 1989).

Plaintiff does not allege that The Whitneys violated her constitutionally protected rights or were engaged in a racial or otherwise class-based conspiracy to deprive her of equal protection of the laws. Plaintiff simply states that The Whitneys were "foster-to-adopt parents who immediately received 'adoption assistance' too soon for any reasonable efforts to have been made with respect to the Adoption and Safe Families Act of 1997." Twelfth Amended Complaint, Dkt # 35, p. 3 ¶ 3. Plaintiff's other allegations of "fraud" and "forgery" in her Twelfth Amended Complaint are not directed at the Whitneys. Lenihan Decl., Ex. 11, Zayas Dep. 48:2-9.

Plaintiff has failed to draw an affirmative link or connection between the Whitney's actions as foster parents and Plaintiff's claimed deprivation of a protected right. In fact, Plaintiff's allegation that the Whitneys accepted adoption assistance from the State does not rise to the level of a cognizable private cause of action under any statute or common law—much less under federal civil rights laws. Plaintiff's single claim against Jeff and Amber Whitney fails as a matter of law for this reason alone.

Moreover, plaintiff has failed to proffer even a scintilla of evidence to support her assertion that the Whitneys received adoption assistance for fostering ACZ. They did not. *See* Haun Decl. ¶ 3; Jeff Whitney Decl. ¶ 2; Amber Whitney Decl. ¶ 2. Plaintiff's speculation and conjecture to the contrary (without any probative evidence to support her contention) does not create a genuine issue of material fact and cannot survive summary judgment. Plaintiff bears the burden of proof at trial and has failed to make a sufficient showing of evidence to establish the existence of this critical element of her civil rights claims against the Whitneys.

Because plaintiff's Section 1983 claims against the Whitneys is not cognizable and fails as a matter of law, so too does her Section 1985 claim which is predicated on the exact same

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

factual allegations. *See Caldeira v. County of Kauai*, 866 F.2d 1175, 1182 (9th Cir. 1989). The Court should dismiss plaintiff's claims against Jeff and Amber Whitney with prejudice for these reasons.

**C. Plaintiff's Civil Rights Claims Against The Whitneys Also Fail Because The Whitneys Are Not State Actors**

Plaintiff's civil rights claims against the Whitneys also fail as a matter of law because the Whitneys are non-state actors. Plaintiff does not allege, and cannot show, that the Whitneys acted under the color of state law.

The second required element of a Section 1983 claim is that the alleged violation "was committed by a person acting under the color of State law." *Long*, 442 F.3d at 1185. The Ninth Circuit has recognized four tests for determining when private conduct constitutes government action for purposes of a Section 1983 claim: "(1) public function, (2) joint action, (3) governmental compulsion or coercion, and (4) governmental nexus." *Sutton v. Providence St. Joseph Medical Center*, 192 F.3d 826, 836 (9th Cir. 1999) (citations omitted). Generally, a plaintiff cannot utilize a Section 1983 action to sue a private person and courts "start with the presumption that private conduct does not constitute governmental action." *Id.* at 835; *see also Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 939-42, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982) (violations by private individuals do not constitute "state action" and are not redressable under Section 1983).

The Ninth Circuit recently noted in an unpublished decision that "[m]erely serving as a foster parent does not transform a private party into a state actor." *Ismail v. County of Orange*, 693 Fed.Appx. 507, 512 (9th Cir. 2017) (citations omitted), *cert. denied* 138 S.Ct. 1329 (Mar. 26, 2018). Other federal circuit courts that have addressed the issue agree with this analysis and have similarly determined that being appointed as a foster parent/family does not make a private party a state actor. *See United States v. Peneaux*, 432 F.3d 882, 896 (8th Cir. 2005) ("[F]oster

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

parents are generally not considered agents of the state."); *Leshko v. Servis*, 423 F.3d 337, 347 (3rd Cir. 2005) (foster parents are not state actors under section 1983); *Rayburn ex. Rel. Rayburn v. Hogue*, 241 F.3d 1341, 1348 (11th Cir. 2001) (same); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 392 (4th Cir. 1990) ("[H]arm suffered by a child at the hands of his foster parents is not harm inflicted by state agents."); *K. H. through Murphy v. Morgan*, 914 F.2d 846, 852 (7th Cir. 1990).

Here, plaintiff is suing the Whitneys in their capacity as foster parents. *See* Twelfth Amended Complaint, Dkt # 35, p. 3 ¶ 3. As foster parents, the Whitneys are not state actors and are not acting under color of state law. Their alleged actions are not governmental actions and plaintiff cannot utilize a Section 1983 or 1985 action to sue these non-state actors. Plaintiff has failed to state any claim against the Whitneys upon which relief may be granted and her claims against them should be dismissed with prejudice as a matter of law.

**D. Plaintiff Has Failed to Proffer Any Evidence that AAG David La Raus Created a "Fake" Audio File of a Court Hearing**

Plaintiff's first allegation against Assistant Attorney General David La Raus is that Mr. La Raus created a "fake" audio file from a March 17, 2020 Initial Shelter Care Hearing. Lenihan Decl., Exhibit 11, Zayas Dep. 104:16-21; Twelfth Amended Complaint, Dkt # 35, p. 5. This is false and Plaintiff lacks even a scintilla of evidence to support this unfounded accusation. To begin, David La Raus was not in attendance at the 72-Hour Shelter Care Hearing on March 17, 2020 before Commissioner Pro Tem Ann Danieli. La Raus Decl. ¶ 3; Lenihan Decl., Ex. 7, Clerk's Minute Entry on March 17, 2020. Plaintiff even admitted at her deposition that Mr. La Raus was not present at the hearing. Lenihan Decl., Ex. 11, Zayas Dep. 79:23-80:10. Mr. La Raus was first assigned to provide ongoing representation for DCYF in the dependency case for Plaintiff's child, ACZ, on March 24, 2020. Decl. of David La Raus ¶ 3. In preparation for trial in that matter, Mr. La Raus directed his support staff members—Rachel Lighthill and Janelle

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

Serrao—to obtain a copy of the audio file recording of the March 17, 2020, Initial Shelter Care Hearing from the Superior Court for use as an exhibit at the October 2020 dependency trial in the same case number. *Id*. The reason for obtaining the recording was that Ms. Zayas had repeatedly asserted that the hearing did not occur. *Id*. Once his staff had obtained the recording of the hearing, Mr. La Raus did not attempt to alter the substance of the audio file in any way. *Id*. His support staff also did not do anything to alter the audio file. Decl. of Janelle Serrao ¶¶ 3-4; Decl. of Rachel Lighthill ¶ 3.

Plaintiff has not proffered any evidence beyond unfounded speculation and conjecture to support her accusation that Mr. La Raus manipulated the audio file.[1] Aside from repeatedly and baselessly asserting that the audio file is "fake", Plaintiff has completely failed to raise a genuine issue of material fact as to the authenticity of the audio file or the nature of the March 17, 2020 Initial Shelter Care Hearing. This is further demonstrated by Judge Judith H. Ramseyer's following finding of fact in her order of dependency:

> The mother [Myriam Zayas] is not a credible witness or a reliable reporter of historical events. It is not clear how much of this is due to intentional misrepresentation and how much is due to her emotional volatility, exhibited during trial, that obstructs her ability to accurately assess and report the facts. Ms. Zayas also denies basic facts that are clearly established, such as her contention that the **initial shelter care hearing did not occur, although it is of record that it did occur and Ms. Zayas participated.**

Lenihan Decl., Ex. 6, October 8, 2020 Order of Dependency as to mother, Myriam Zayas, p. 6 ¶ z (emphasis added).

A nonmoving party "may not rely on the *mere allegations* in the pleadings in order to preclude summary judgment." *T.W. Elec. Serv.,* 809 F.2d at 630 (emphasis added). Instead,

---

[1] The audio file of the March 17, 2020 Initial Shelter Care Hearing is attached as Exhibit 1 to the Declaration of David La Raus. Defendant also retained the services of a court reporter to transcribe the hearing from the audio file. *See* Decl. of Brendan Lenihan, Ex. 8, Transcript of March 17, 2020 Initial Shelter Care Hearing.

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

they "must produce at least some *significant probative evidence* tending to support the complaint." *Id.* (emphasis added). Plaintiff's failure to proffer any significant probative evidence to support her allegation that the audio file was "faked"—or any evidence at all for that matter—is fatal to her claim. For this reason, Plaintiff's allegation that her civil rights were violated when Mr. La Raus created a "fake" audio file fails as a matter of law and should be dismissed with prejudice.

**E. Plaintiff's Subjective Opinions About Mr. La Raus' Discretionary Decisions as a Legal Advocate Are Not Probative Evidence to Support Her Claimed Deprivation of a Constitutionally Protected Right**

Plaintiff's second allegation is that Mr. La Raus' general demeanor and statements on the record during court hearings on May 18, 2020 and on June 19, 2020 lead Plaintiff to believe that Mr. La Raus was hiding something and conspiring with the judge. Lenihan Decl., Exhibit 11, Zayas Dep. 24:21-27:18; 58:14-59:4; 104:22-107:10. When asked in her deposition to clarify what plaintiff believed Mr. La Raus was covering up during the hearings, plaintiff responded:

> Answer: Well, because I didn't know him, and he didn't know me, and he immediately jumped down my throat about being mentally ill, and he just went off the deep end. "No. She should have an attorney. Make her have an attorney. She's crazy. She's mentally ill," blah, blah, blah. And I'm like, what the -- I mean, I guess anybody would be mentally ill after four months of not seeing their child, but I don't know. Maybe I was a little off the rocker, but it was their fault that I was off the rocker.
> Question: Okay. And --
> Answer: I mean, it was their fault that I was being whatever he said I was being, and they knew that. I think he knew that.

*Id*. at 104:22-105:16. Plaintiff's subjective opinions and conjecture about Mr. La Raus' statements in a court hearing is not probative evidence that tends to support her allegation that Mr. La Raus violated her constitutionally protected rights. Attached to this motion is a copy of the audio file from the May 18, 2020 hearing and a copy of the court transcript from the June 9,

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

2020 hearing. *See* Lenihan Decl., Ex. 9, May 18, 2020 Audio File of Court Proceedings; Ex. 10, June 9, 2020 Transcript of Court Proceedings. The audio file and transcript speak for themselves and demonstrate that Mr. La Raus acted professionally and appropriately in both hearings. Plaintiff's vague and unfounded speculation to the contrary is not probative evidence and Plaintiff cannot point to a single statement made by Mr. La Raus in either hearing that would support her Section 1983 and 1985 claims against him. Simply put, Plaintiff has utterly failed to draw any affirmative link or connection between Mr. La Raus' statements in court and her claimed deprivation of a constitutionally protected right. Plaintiff's claim lacks any factual support and summary judgment is designed to "dispose of the factually unsupported claims or defenses . . . ." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-24 (1986).

Lastly, Plaintiff's final allegation against Mr. La Raus is that he should have done more to cross-examine a witness on the stand during the dependency trial of ACZ. Lenihan Decl., Ex. 11, Zayas Dep. 55:11-56:22; 58:14-59:4. This is not a cognizable claim either. If Plaintiff believed that the witness was lying, Plaintiff could have cross-examined the witness and attempted to impeach the witness herself. Plaintiff's subjective opinions about the questions Mr. La Raus chose to ask and not ask witnesses on the stand does not support a Section 1983 claim for deprivation of civil rights.

In conclusion, Plaintiff has failed to produce even a scintilla of evidence to support her civil rights allegations against Mr. La Raus. Moreover, even if Plaintiff had managed to proffer any evidence at all that Mr. La Raus acted suspiciously in a hearing, or did not satisfactorily impeach a witness on the stand, Plaintiff has still failed to articulate how such vague allegations rise to the level of violating her constitutionally protected rights.

Because plaintiff's Section 1983 claims against Mr. La Raus are not cognizable and fail as a matter of law, so too does her Section 1985 claim which is predicated on the exact same factual allegations. *See Caldeira v. County of Kauai*, 866 F.2d 1175, 1182 (9th Cir. 1989). For

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

all the above reasons, the Court should dismiss plaintiff's claims against David La Raus with prejudice.[2]

**F. Plaintiff's Claims Against Mr. La Raus Are Also Barred By The Doctrine Of Absolute Quasi-Prosecutorial Immunity**

Plaintiff's allegations that her civil rights were violated by Mr. La Raus' statements in court hearings (*see* subheading "E" above), as well as her opinion that Mr. La Raus did not do a thorough job cross-examining a witness on the stand during Plaintiff's dependency trial (*Id.*), are nothing more than subjective opinions and criticisms of Mr. La Raus' legal advocacy. Mr. La Raus is entitled to absolute immunity for his quasi-prosecutorial actions as the legal counsel for DCYF in the child dependency proceedings that the Plaintiff is now challenging in this federal lawsuit. *See Ernst v. Child & Youth Servs. of Chester Cnty.*, 108 F.3d 486, 504 (3d Cir. 1997) (holding that an attorney representing a state child services agency is "entitled to absolute immunity for all of [the attorney's] quasi-prosecutorial activities while representing [the agency] in connection with [a child's] dependency proceedings[.]").

A prosecutor is entitled to absolute immunity for acts taken "in preparing for the initiation of judicial proceedings or for trial, and which occur in his role as an advocate for the State." *Kalina v. Fletcher,* 522 U.S. 118, 126 (1997) (holding that state prosecutors were entitled to absolute immunity for acts undertaken "in preparing for the initiation of judicial proceedings or for trial, and which occur in his role as an advocate for the State"); *see also Imbler v. Pachtman,* 424 U.S. 409, 427-28 (1976) (holding that common law absolute immunity was applicable in § 1983 cases); *Guzman-Rivera v. Rivera-Cruz,* 55 F.3d 26, 29 (1st Cir. 1995) ("[A]bsolute immunity may attach even to ... administrative or investigative activities when these functions are necessary so that a prosecutor may fulfill his function as an officer of the court").

[2] Plaintiff testified that she is not seeking monetary damages or any other form of compensatory or injunctive relief from her lawsuit against Mr. La Raus. Lenihan Decl., Ex. 11, Zayas Dep. 52:7-24. Plaintiff simply wants Mr. La Raus to be fired from his job. *Id.*

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

Prosecutorial immunity allows prosecutors to perform their duties without fear or threat of Section 1983 litigation. *Meyers v. Contra Costa Cty. Dep't of Soc. Servs.*, 812 F.2d 1154, 1156 (9th Cir. 1987). Prosecutorial immunity is absolute. *Id*.

Similar absolute immunity protections apply to attorneys representing state child services agencies in child dependency cases. In *Ernst v. Child & Youth Servs. of Chester Cty.*, 108 F.3d 486, 495 (3d Cir. 1997), the court held that the case workers as well as the attorney for the state child services agency "were entitled to absolute immunity for their actions on behalf of the state in preparing for, initiating, and prosecuting dependency proceedings." With that holding, the Third Circuit Court of Appeals noted that "we join the courts of appeals of the Fourth, Sixth, Seventh, Eighth, and Ninth Circuits." *Id*. at 495-96 (citing *Millspaugh v. County Dep't of Pub. Welfare of Wabash County*, 937 F.2d 1172, 1176 (7th Cir.1991); *Vosburg v. Department of Soc. Servs.*, 884 F.2d 133, 135 (4th Cir.1989); *Salyer v. Patrick*, 874 F.2d 374, 378 (6th Cir.1989); *Meyers v. Contra Costa County Dep't of Soc. Servs.*, 812 F.2d 1154, 1156 (9th Cir.1987)).

Here, plaintiff is challenging Mr. La Raus' actions in prosecuting the child dependency proceedings with respect to her daughter, ACZ. In other words, plaintiff is challenging Mr. La Raus' actions in the dependency court judicial proceedings and trial—which are distinctly quasi-prosecutorial activities for which he is afforded absolute immunity. Plaintiff's claims against Mr. La Raus should be dismissed as a matter of law because Mr. La Raus is shielded by absolute quasi-prosecutorial immunity for his challenged actions.

## IV. CONCLUSION

Plaintiff has failed to allege that the Whitneys or David La Raus violated any of Plaintiff's constitutionally or federally protected rights, which is a necessary element of a Section 1983 or 1985 claim. Moreover, even if Plaintiff had alleged facts that supported a cognizable Section 1983 or 1985 claim, she has also failed to proffer any probative evidence to support such allegations. Furthermore, the Whitneys are not state actors and cannot be sued under Section

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300

1983 or 1985. Lastly, Assistant Attorney General David La Raus is protected by absolute quasi-prosecutorial immunity for his discretionary legal advocacy decisions that Plaintiff is challenging in this lawsuit. For all these reasons, defendants Jeffrey Whitney, Amber Whitney and David La Raus respectfully request that Plaintiff's Twelfth Amended Complaint (Dkt # 35) be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 56.

DATED this 5th day of August, 2021.

ROBERT W. FERGUSON
Attorney General

/s/ *Brendan M. Lenihan*
BRENDAN M. LENIHAN, WSB No. 56066
Assistant Attorney General
Attorneys for Defendants Whitney(s)
Brendan.Lenihan@atg.wa.gov

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
No. 2:20-cv-00747 JCC

15

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA  98504-0126
(360) 586-6300

**CERTIFICATE OF SERVICE**

I hereby certify that on the August 5th, 2021, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Electronic Service to:
JULIE DEE COOK
Julie.Cook@kingcounty.gov
For Defendants Pauline Duke, Debbie Cowan, Annette Messitt and Ann Danieli

Mailed to:
MYRIAM ZAYAS
27369 129th Place SE
Kent, WA 98030

/s/ *Brendan M. Lenihan*
BRENDAN M. LENIHAN, WSB No. 56066
Assistant Attorney General

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
No. 2:20-cv-00747 JCC

16

ATTORNEY GENERAL OF WASHINGTON
Torts Division
7141 Cleanwater Drive SW
PO Box 40126
Olympia, WA 98504-0126
(360) 586-6300