THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MYRIAM ZAYAS,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>ANNETTE MESSIT, *et al.*,<br><br>　　　　　　　　　Defendants. | CASE NO. C20-0747-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff Myriam Zayas's motion for joinder of additional parties (Dkt. No. 23) and motion to amend (Dkt. No. 34), Defendants Jeff and Amber Whitney's motion to strike (Dkt. No. 26), Defendants Jennie Cowan and Pauline Duke's motion to strike (Dkt. No. 38), Defendant Annette Messitt's motion to dismiss (Dkt. No. 20), Defendant Ann Danieli's motion to strike and to dismiss (Dkt. No. 39), and Defendants Jeff and Amber Whitney and David La Raus's motion to dismiss (Dkt. No. 46). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS Plaintiff's motion to amend (Dkt. No. 34), DENIES Plaintiff's motion for joinder (Dkt. No. 23) as moot, GRANTS Jeff and Amber Whitney's motion to strike (Dkt. No. 26), GRANTS in part and DENIES in part Jennie Cowan and Pauline Duke's motion to strike (Dkt. No. 38), GRANTS in part and DENIES in part Ann Danieli's motion to strike and to dismiss (Dkt. No. 39), and GRANTS the remaining motions to dismiss (Dkt. Nos. 20, 46) for the reasons explained herein.

## I. BACKGROUND

On June 16, 2020, Plaintiff filed her original complaint against King County Superior Court Judge Annette Messitt for alleged constitutional violations under 42 U.S.C. § 1983 arising out of a state court dependency proceeding in which Judge Messitt ordered the removal of Plaintiff's child. (*See generally* Dkt. No. 5.) Plaintiff amended her complaint five times between June 30, 2020 and September 3, 2020. (Dkt. Nos. 7, 8, 10, 11, 12.) On September 15, 2020, she filed an affidavit of service of the summons and complaint on Judge Messitt. (Dkt. No. 13.)

Plaintiff then filed a series of amended complaints naming new defendants. (*See* Dkt. Nos. 17, 18, 19, 22, 24, 33, 35.) Plaintiff named Jeff and Amber Whitney, the foster parents of Plaintiff's child, as defendants for the first time in her seventh amended complaint. (Dkt. No. 18.) She named Court Appointed Special Advocate Pauline Duke, Assistant Attorney General David La Raus, and attorney Jennie Cowan as Defendants for the first time in her ninth amended complaint. (Dkt. No. 22.) Plaintiff named Court Commissioner Ann Danieli as a defendant for the first time in her eleventh amended complaint (Dkt. No 33.) Plaintiff did not obtain leave of the Court or written consent from Defendants to file any of the amended complaints. She has, however, filed a motion for joinder (Dkt. No. 23), in which she seeks to add the Whitneys, Pauline Duke, David LaRaus, and Debbie Cowan as defendants, and a motion to amend (Dkt. No. 34), in which she seeks to add those same individuals, as well as Court Commissioner Ann Danieli, as defendants.

The Whitneys move to strike Plaintiff's eighth, ninth, and tenth amended complaints for failure to comply with Federal Rule of Civil Procedure 15 and Local Civil Rule 15, (Dkt. No. 26); Jennie Cowan and Pauline Duke move to strike Plaintiff's ninth, tenth, eleventh, and twelfth amended complaints, (Dkt. No. 38); and Ann Danieli moves to strike Plaintiff's eleventh and twelfth amended complaints, (Dkt. No. 39). Defendants Annette Messitt, Ann Danieli, Jeff and Amber Whitney, and David La Raus move to dismiss Plaintiff's claims against them under Rule 12(b)(6). (*See* Dkt. Nos. 20, 39, 46.)

### A.  Motions to Amend and Motions to Strike

#### 1. Legal Standard

Under Federal Rule of Civil Procedure 15(a), a plaintiff may amend her complaint only once "as a matter of course" (*i.e.*, without the court's approval). A plaintiff may not make additional amendments absent the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). To seek the court's leave, a party must file a motion. Fed. R. Civ. P. 7(b)(1). Under the Local Civil Rules, a plaintiff must attach to her motion a copy of the proposed amended complaint and indicate how it differs from the complaint that it amends by "bracketing or striking through the text to be deleted and underlining or highlighting the text to be added." *See* W.D. Wash. Local Civ. R. 15. Whether to grant a motion for leave to amend rests in the sound discretion of the trial court. *Int'l Ass'n of Machinists & Aerospace Workers v. Republic Airlines*, 761 F.2d 1386, 1390 (9th Cir. 1985).

The Court's discretion must be guided by the strong policy of deciding cases on the merits and allowing amendments with "extreme liberality." *DCD Programs Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (internal quotations omitted); *see* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."). Moreover, the involvement of a *pro se* litigant warrants a liberal application of procedural requirements. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that *pro se* pleadings are held to "less stringent standards than [those] drafted by lawyers"); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (holding that especially with civil rights claims, a court "has a duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements").

#### 2. Analysis

Plaintiff exhausted her one-time right to amend as a matter of course when she filed her first amended complaint against Judge Messitt on June 30, 2020 (Dkt. No. 7). *See United States ex rel. D'Agostino v. EV3, Inc.*, 802 F.3d 188, 192–93 (1st Cir. 2015); *Green v. Southfield*, 2016

WL 692529, slip op. at 3 (E.D. Mich. 2016). Plaintiff was required to get written consent from the opposing parties or file a motion requesting leave from the Court to amend her complaint again. *See* Fed. R. Civ. P. 15(a)(2); *see also* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party.").

While Plaintiff has not filed a motion for leave to amend that complies with Local Civil Rule 15, she has filed a motion for joinder and a motion to amend, seeking to add claims against the Whitneys, Pauline Duke, David LaRaus, Jennie Cowan, and Ann Danieli. (Dkt. Nos. 23, 34.) The Court will treat Plaintiff's filings as motions for leave to amend under Rule 15 and will treat Plaintiff's eleventh amended complaint (Dkt. No. 33), filed at the same time as Plaintiff's second motion for leave to amend, as Plaintiff's proposed amended complaint. Because granting leave to amend will not cause any undue delay or prejudice the opposing parties, the Court GRANTS Plaintiff's motion (Dkt. No. 34). Plaintiff's eleventh amended complaint (Dkt No. 33) that she filed on November 21, 2020 is the operative complaint in this matter. The improperly filed amended complaints (Dkt. Nos. 8, 10, 11, 12, 17, 18, 19, 22, 24, 35) are STRICKEN from the docket. Jeff and Amber Whitney's motion to strike (Dkt. No. 26) is therefore GRANTED and Jennie Cowan and Pauline Duke's motion to strike (Dkt. No. 38) and Commissioner Danieli's motion to strike (Dkt. No. 39) are GRANTED in part and DENIED in part.[1]

### B. Allegations in Eleventh Amended Complaint

Liberally construing the eleventh amended complaint, Plaintiff brings claims under 42 U.S.C. §§ 1983 and 1985 for alleged violations of her rights in connection with state court dependency proceedings. (*See generally* Dkt. No. 33.)

According to the complaint, the State removed Plaintiff's five-year-old child from her care on March 16, 2020 pursuant to a court order. (Dkt. No. 33 at 8–9.) The next day, Plaintiff attended a Shelter Care Hearing, but "all officials in the court room knowingly faked the hearing[,] 'acted' in their official duty" so that "to the public it would seem as if they were doing

---

[1] Plaintiff's first motion for joinder (Dkt. No. 23) is DENIED as moot.

ORDER
C20-0747-JCC
PAGE - 4

their job when in fact they were breaking the law . . . and not going on the record for the hearing." (*Id.* at 9.) She alleges that the judicial officer presiding over the Shelter Care Hearing "did not care to hear her," "smil[ed] at the social worker throughout the hearing," "rolled her eyes when the Plaintiffs' lawyer spoke," and "shooed the Plaintiff away with her hands when the Plaintiff attempted to speak." (*Id.*) According to Plaintiff's allegations, Judge Messitt is the judge presiding over her dependency case, but Commissioner Ann Danieli signed the Shelter Care order. (*Id.* at 3, 11–12.) Plaintiff alleges she did not get a fair and valid 72-hour hearing, the order to remove her child was entered without probable cause, and she was deprived of her parental rights without due process of law and in violation of the family court's emergency orders allowing only "mission critical" dependency actions to proceed during the COVID-19 pandemic. (*Id.* at 9, 13.)

Plaintiff also alleges that the Assistant Attorney General, David La Raus, who represents the Department of Children, Youth, and Families in her dependency case, along with Court Appointed Special Advocate (CASA) Pauline Duke and CASA attorney Jennie Cowan, "approved" the "false forged document" from the Shelter Care Hearing "under oath at Plaintiff's trial." (*Id.* at 5.) Finally, she alleges that her child's foster parents, Jeff and Amber Whitney, bought the child "a new more girly bike" because they thought her old bike was too "boyish," took the child on extended trips, called Plaintiff "mentally ill" in front of her child, refered to themselves as "Foster Mommy and Daddy," took the child to church, failed to brush the child's hair, and improperly received "adoption assistance." (*Id.* at 36.) Plaintiff seeks monetary damages and injunctive relief, including an order "remov[ing] the termination petition from the dependency order." (*Id.* at 17–18)

### C. Motions to Dismiss

Judge Messitt moves to dismiss under FRCP 12(b)(6) and the *Younger* abstention doctrine, arguing that she is entitled to absolute judicial immunity and that the Court should abstain from hearing Plaintiff's claims because they would require interference with an ongoing

1  state proceeding. (Dkt. No. 20.) Commissioner Danieli moves to dismiss under Rule 12(b)(6) on
2  the grounds of absolute judicial immunity. (Dkt. No. 39.) Mr. La Raus moves to dismiss under
3  Rule 12(b)(6) on the grounds that Plaintiff fails to allege he violated her constitutionally
4  protected rights, he has absolute quasi-prosecutorial immunity, and the Court lacks jurisdiction
5  over the claims against him under the *Rooker-Feldman* doctrine. (Dkt. No. 46.)[2] Finally, the
6  Whitneys argue the claims against them must be dismissed under Rule 12(b)(6) because Plaintiff
7  fails to allege that they violated her constitutional rights or acted under color of state law. (*Id.*)

     **1. Legal Standards**

     a.     <u>Motion to Dismiss under Rule 12(b)(1)</u>

Under Federal Rule of Civil Procedure 12(b)(1), a complaint must be dismissed if the court lacks subject matter jurisdiction. Where, as here, a jurisdictional challenge in based on information found in the complaint, exhibits attached to the complaint, and matters of public record, the court will make its ruling based upon those documents and will accept all allegations in the complaint as true and draw all inferences from the allegations in favor of the plaintiff. *Thornhill Publ'g Co. v. General Tel. Elec.*, 594 F.2d 730, 733 (9th Cir. 1979).

     b.     <u>Motion to Dismiss under 12(b)(6)</u>

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege sufficient facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). To determine whether a complaint states a claim sufficient to withstand dismissal, the Court considers the complaint and its attached exhibits, documents incorporated into the complaint by reference, and matters properly subject to judicial notice. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). The Court must treat all facts alleged in the complaint as true and resolve all doubts in favor of the nonmoving party. *Vasquez v. L.A. Cnty.*,

---

[2] Because Mr. La Raus's *Rooker-Feldman* argument challenges the Court's subject matter jurisdiction, the Court will analyze it under Federal Rule of Civil Procedure 12(b)(1). *See Murray v. Dep't of Consumer & Bus. Services*, 2010 WL 3604657, slip op. at 9 n.4 (D. Or. 2010) (applying Rule 12(b)(1) principles to a *Rooker-Feldman* argument).

487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001). The Court liberally construes *pro se* complaints. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A defendant may assert absolute immunity in a motion to dismiss under Rule 12(b)(6). *See Mullis v. U.S. Bankr. Court for Dist. of Nev.*, 828 F.2d 1385, 1387 n.6 (9th Cir. 1987).

**2. Analysis**

a. Judicial Notice

As a threshold matter, in support of their motions to dismiss, the moving defendants ask the Court to take judicial notice of orders and documents filed in the underlying dependency proceedings in King County Superior Court. (*See* Dkt. No. 20 at 2, 13–24; Dkt. No. 48; Dkt. No. 39 at 3; Dkt. No. 40-1.) The Court grants these requests because it is well-established that "matters of public record, including court records in related or underlying cases which have a direct relation to the matters at issue, may be looked to when ruling on a 12(b)(6) motion to dismiss." *In re Am. Continental Corp./ Lincoln Sav. & Loan Sec. Litig.,* 102 F.3d 1524, 1537 (9th Cir. 1996) (citations omitted), *rev'd on other grounds, Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach,* 523 U.S. 26 (1998). Accordingly, the Court takes judicial notice of the existence of the Amended Dependency Petition filed on March 16, 2020, (Dkt. No. 47-1); the Order to Take Child Into Custody and Place in Shelter Care dated March 16, 2020, (Dkt. No. 47-2); the Shelter Care Hearing Order dated March 17, 2020, (Dkt. No. 47-3); the Order Continuing Fact-Finding/Trial dated July 6, 2020, (Dkt. No. 47-4); the Pretrial Conference Order dated August 24, 2020, (Dkt. No. 47-5); and the Order of Dependency as to Myriam Zayas dated October 8, 2020, (Dkt. No. 47-6). *See Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) ("[W]hen a court takes judicial notice of another court's opinion, it may do so not for the truth of the facts recited therein, but for the existence of the opinion.").

b. *Rooker-Feldman* Doctrine

Plaintiff's claims against Judge Messitt, Commissioner Danieli, David LaRaus, Jennie

Cowan, and Pauline Duke are barred by the *Rooker–Feldman* doctrine.[3] Under the *Rooker-Feldman* doctrine, this Court lacks jurisdiction to review alleged errors in state court decisions. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291–92 (2005); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 416 (1923); *D.C. Ct. of App. v. Feldman*, 460 U.S. 462, 486 (1983); 28 U.S.C. § 1257. "[N]o matter how wrong a state court judgment may be under federal law, only the Supreme Court of the United States has jurisdiction to review it." *Sykes v. Cook Cty. Cir. Ct. Prob. Div.*, 837 F.3d 736, 742 (7th Cir. 2016). The doctrine applies not only to final judgments but also to interlocutory orders entered prior to the final disposition of a state court lawsuit. *Doe & Assocs. L. Offs. v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001).

The *Rooker-Feldman* doctrine bars jurisdiction over direct appeals from state court decisions and also over de facto appeals where "'a party losing in state court' seeks 'what in substance would be appellate review of the state judgment . . . based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Doe v. McMann*, 415 F.3d 1038, 1041 (9th Cir. 2005) (quoting *Johnson v. DeGrandy*, 512 U.S. 997, 1005–06 (1994)). "[A] federal district court dealing with a suit that is, in part, a forbidden de facto appeal from a judicial decision of a state court . . . must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." *Doe*, 415 F.3d at 1043 (quoting *Noel v. Hall*, 341 F.3d 1148, 1158 (9th Cir. 2003)).

---

[3] Only Mr. LaRaus moves to dismiss on this ground. (*See* Dkt. No. 46 at 14–16.) Judge Messitt and Commissioner Danieli have not raised this ground in their motions to dismiss, (*see generally* Dkt. Nos. 20, 39), and neither Jennie Cowan nor Pauline Duke have moved for dismissal. Nevertheless, the Court has an independent obligation to address whether it has subject matter jurisdiction. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). And the Court may *sua sponte* dismiss an action "as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related." *Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981).

ORDER
C20-0747-JCC
PAGE - 8

Plaintiff's claims against Judge Messitt and Commissioner Danieli are in part a direct appeal and in part a de facto appeal of the judicial decisions in the underlying state dependency case. Plaintiff alleges that she did not get a fair and valid 72-hour hearing, the order to remove her child was entered without probable cause, and she was deprived of her parental rights without due process of law and in violation of the family court's emergency orders allowing only critical dependency actions to proceed during the COVID-19 pandemic. (*See* Dkt. No. 33 at 13.) Plaintiff seeks monetary damages and an order "remov[ing] the termination petition" from the state court's dependency order. (*Id.* at 17–18.) To the extent Plaintiff asks this Court to reverse a portion of the dependency order, she brings a prohibited direct appeal. To the extent she seeks monetary damages for alleged constitutional violations, her claims amount to a de facto appeal because, to find in her favor, this Court would have to review the removal and dependency decisions and find they were wrong. *See, e.g.*, *Delaney v. Souther–Wyatt*, 2000 WL 33201931, slip op. at 3–4 (D. Or. 2000) (holding that the *Rooker–Feldman* doctrine barred consideration of the plaintiff's damages claims alleging that the manner in which a child custody hearing was conducted violated his constitutional rights); *Hanson v. Firmat*, 272 Fed. App'x 571, 572 (9th Cir. 2008) (holding that the *Rooker–Feldman* doctrine barred the plaintiff's section 1983 claim alleging due process violations in connection with child custody proceedings).

Plaintiff's claims against David La Raus, Jennie Cowan, and Pauline Duke are also barred under *Rooker-Feldman*. Plaintiff alleges that these defendants "approved" the "false" document from the Shelter Care Hearing "under oath" at Plaintiff's dependency trial. (Dkt. No. 33 at 5.) These allegations raise issues that are "inextricably intertwined" with the state court's dependency order. *See, e.g.*, *Ismail v. Cnty. of Orange*, 2012 WL 3644170, slip op. at 16 (C.D. Cal. 2012), *report and recommendation adopted*, 2012 WL 3644155 (C.D. Cal. 2012) (plaintiff's claims that social worker defendants presented false reports and testimony to the juvenile court in a dependency and termination case are "inextricably intertwined" with the court's orders); *Meza v. Meza*, 2013 WL 2338126, slip op. at 10 (C.D. Cal. 2013), *aff'd*, 617 F. App'x 816 (9th

Cir. 2015) (plaintiff's claims alleging that the individual defendants conspired and made false representations to the juvenile court are "inextricably intertwined" with the court's orders in the dependency case).

Accordingly, the Court DISMISSES Plaintiff's claims against Judge Messitt, Commissioner Danieli, Assistant Attorney General David La Raus, Jennie Cowan, and Pauline Duke for lack of subject matter jurisdiction.[4]

c. Immunity Doctrines

Plaintiff's damages claims against Judge Messitt, Commissioner Danieli, and Mr. La Raus are also subject to dismissal because these defendants are immune from suit.

Judges are immune from liability for damages relating to acts performed in the exercise of their judicial functions. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). Judges are immune even if the judicial action was erroneous, malicious, or performed in excess of judicial authority. *Mullis*, 828 F.2d at 1388. A judge will be subject to liability only when acting in the "clear absence of all jurisdiction" or when performing an act that is not "judicial" in nature. *Mireles*, 502 U.S. at 11–12. Plaintiff's claims against Judge Messitt and Commissioner Danieli concern actions taken in their judicial capacities while presiding over hearings in the state case and making decisions related to removal, shelter care, and dependency. Plaintiff's complaint alleges no facts giving rise to an inference that Judge Messitt or Commissioner Danieli acted outside of their judicial capacities or in the clear absence of jurisdiction. (*Id.*) Accordingly, Plaintiff's claims against Judge Messitt and Ann Danieli are barred by judicial immunity.

Similarly, Mr. La Raus is immune from suit based on Plaintiff's allegations. A prosecutor

---

[4] To the extent the state dependency and termination proceedings are ongoing and Plaintiff seeks prospective injunctive relief, the Court must abstain from exercising jurisdiction under *Younger v. Harris*, 401 U.S. 37 (1971). *See Lacy-Curry v. Alameda Cty. Soc. Servs. Agency*, 262 F. App'x 9, 10 (9th Cir. 2007) (affirming dismissal because "[i]nsofar as state proceedings are ongoing, *Younger* abstention requires dismissal of this action. . . . [I]f state court proceedings have concluded, then the *Rooker-Feldman* doctrine precludes our review").

ORDER
C20-0747-JCC
PAGE - 10

is entitled to absolute immunity for acts taken "in preparing for the initiation of judicial proceedings or for trial, and which occur in his role as an advocate for the State." *Kalina v. Fletcher,* 522 U.S. 118, 126 (1997). An assistant attorney general acting as legal counsel for the Department of Children, Youth and Families in child dependency proceedings performs quasi-prosecutorial functions and is entitled to immunity for actions in connection with initiating and pursuing child dependency proceedings. *Ernst v. Child & Youth Servs. Of Chester Cnty.*, 108 F.3d 486, 504 (3d Cir. 1997) (holding that an attorney representing a state child services agency is "entitled to absolute immunity for all of [the attorney's] quasi prosecutorial activities while representing [the agency] in connection with [a child's] dependency proceedings[.]"); *see also Caldwell v. LeFaver*, 928 F.2d 331, 333 (9th Cir. 1991) (holding that a social worker is entitled to quasi-prosecutorial immunity when contributing as an advocate in child dependency proceedings). Plaintiff's claims against Mr. La Raus are based on allegations about his presentation of evidence to the state court while advocating for DCYF in the dependency action. Therefore, quasi-prosecutorial immunity applies, and Plaintiff's claims against Mr. La Raus are barred.

        d.  <u>State Action Doctrine</u>

Finally, Plaintiff's claims against the Whitneys must be dismissed under Rule 12(b)(6). Plaintiff asserts claims against Jeff and Amber Whitney under 42 U.S.C. § 1983 and § 1985. To state a claim under section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a state actor. *Long v. Cty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). A private person qualifies as a state actor only in the rare circumstance where the person's conduct is fairly attributable to the state. *Id.* (identifying the public function, joint action, governmental compulsion, and governmental nexus tests for state action).

Plaintiff's complaint fails to sufficiently allege either a constitutional violation or state action. None of Plaintiff's allegations give rise to a plausible inference that the Whitneys

violated any of Plaintiff's constitutional rights or that the Whitneys alleged conduct is fairly attributable to the state. "Merely serving as a foster parent does not transform a private party into a state actor." *Ismail v. County of Orange*, 693 Fed. App'x 507, 512 (9th Cir. 2017), *cert. denied* 138 S. Ct. 1329 (Mar. 26, 2018); *see United States v. Peneaux*, 432 F.3d 882, 896 (8th Cir. 2005); *Leshko v. Servis*, 423 F.3d 337, 347 (3rd Cir. 2005); *Rayburn ex. Rel. Rayburn v. Hogue*, 241 F.3d 1341, 1348 (11th Cir. 2001); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 392 (4th Cir. 1990). Because Plaintiff does not have a cognizable claim under section 1983, Plaintiff has also failed to state a claim for conspiracy under section 1985. *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 930 (9th Cir. 2004). Accordingly, Plaintiff's claims against Jeff and Amber Whitney are DISMISSED under Rule 12(b)(6).

Finally, since there is no amendment that would allow Plaintiff to recover damages against Judge Messitt, Commissioner Danieli, David La Raus, or the Whitneys or that would grant this Court jurisdiction to hear a lawsuit that is a de facto appeal of a state court decision, amendment would be futile and the dismissal of Plaintiff's claims is with prejudice. *Schmier v. U.S. Ct. of Appeals for Ninth Cir.*, 279 F.3d 817, 824 (9th Cir. 2002).[5]

## II.   CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion to amend (Dkt. No. 34), DENIES Plaintiff's motion for joinder (Dkt. No. 23) as moot, GRANTS Jeff and Amber Whitney's motion to strike (Dkt. No. 26), GRANTS in part and DENIES in part Jennie Cowan and Pauline Duke's motion to strike (Dkt. No. 38), GRANTS in part and DENIES in part Ann Danieli's motion to strike and to dismiss (Dkt. No. 39), and GRANTS the remaining motions to dismiss (Dkt. Nos. 20, 46). The Court further ORDERS that Plaintiff's claims are DISMISSED with prejudice. The Clerk is DIRECTED to strike Docket Numbers 8, 10, 11, 12, 17, 18, 19, 22, 24 and 35 and to close this case.

---

[5] Because Plaintiff's claims are dismissed with prejudice, the Court DENIES the pending motions (Dkt. Nos. 53, 54, 56) as moot.

ORDER
C20-0747-JCC
PAGE - 12

1    DATED this 19th day of August 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE